IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL J. DIXON,

    Petitioner,                   No. 2:11-cv-2047 EFB P

    vs.

M.D. BITER,

    Respondent.             ORDER

                               /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant 28 U.S.C. § 2254.  This case is before the undersigned pursuant to the parties' consent.  *See* 28 U.S.C.§ 636; Fed. R. Civ. P. 73.  Respondent moves to dismiss the petition, claiming that petitioner failed to exhaust his state remedies.  For the reasons explained below, the court finds that the petition contains an unexhausted claim and must therefore be dismissed with leave to amend.

**I.    Procedural History**

       Petitioner was convicted of second-degree robbery with an enhancement for use of a firearm.  Dckt. No. 1 at 2.[1]  Petitioner appealed and the California Court of Appeal, First

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

1

Appellate District, affirmed the judgment.  Resp.'s Mot. to Dism., Ex. 1, Dckt. No. 13-1 at 6. Petitioner sought review in the California Supreme Court, which was denied on May 12, 2010. *Id*. at 33.  Petitioner did not file any state habeas petitions.

## II.     Exhaustion of State Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).  "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000).  "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010).  "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts

necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a stay of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (outlining two avenues for seeking a stay, one under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and one under *Rhines v. Weber*, 544 U.S. 269 (2005)). Petitioner has not requested a stay in this case.

**III.   Analysis**

The instant petition contains two claims for relief. First, petitioner claims that there was insufficient evidence to support his robbery conviction. Petition, Dckt. No. 1 at 7; Pet'r's Mem. P. & A., Dckt. No. 1-1 at 13-15. In his second claim, petitioner alleges that there was insufficient evidence to support the firearm sentence enhancement. Dckt. No. 1 at 7; Dckt. No. 1-1 at 16. There is no dispute that petitioner exhausted his claim regarding the sentence enhancement. Respondent contends, however, that petitioner never presented his claim that there was insufficient evidence to support the robbery conviction to the California Supreme Court.

Petitioner sought review of his conviction in the California Supreme Court. In his petition for review, petitioner presented a single claim for review:

> Whether the trial court violated [petitioner's] due process rights under the Fourteenth Amendment to the U.S. Constitution by erroneously upholding a personal use firearm enhancement when there was insufficient evidence that

3

[petitioner], an aider and abetter, was directly involved in the robbery as required under *People v. Corona* (1989) 213 Cal.App.3d 589?

Dckt. No. 13-1 at 6.

While petitioner presented arguments that there was insufficient evidence to support the firearm enhancement, he made no argument relating to the sufficiency of evidence for the underlying robbery conviction. Dckt. No. 13-1 at 17-22. In fact, petitioner conceded in his petition for review that "evidence in the record is sufficient to prove that Mr. Dixon was, at a minimum, guilty as an aider and abettor of the robbery. This issue was conceded by [petitoner] in his appeal." *Id*. at 17.

It is clear from the petition for review that petitioner did not present his claim regarding the sufficiency of evidence for the underlying robbery conviction to the California Supreme Court. Petitioner does not dispute this conclusion. Rather, in his opposition, petitioner states that he believed his state remedies were exhausted upon the California Supreme Court denying his petition for review. Dckt. No. 15. However, to exhaust his claim relating to the robbery conviction, petitioner was required to fairly present this claim to the California Supreme Court, which he failed to do. Thus, petitioner's robbery claim remains unexhausted. The petition must therefore be dismissed.[2]

**IV.    Conclusion**

Accordingly, it is ORDERED that:

1. Respondent's October 24, 2011 motion to dismiss is granted without prejudice;

2. Petitioner is granted leave to file an amended petition containing only exhausted claims; and

---

[2] Petitioner requests this court to ask the California Supreme Court to decide his motion instead of dismissing his petition. Dckt. No. 15. This court, however, lacks the power to issue a writ of mandamus to the California Supreme Court. *See Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991). As discussed above, the proper procedure is dismissal without leave to amend and afford petitioner the opportunity to comply with the state procedures for exhaustion. Accordingly, his request is denied.

3. Petitioner shall file his amended petition within 30 days from the date this order is filed and served.

Dated: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5